Ian M. Goldrich
KILPATRICK TOWNSEND & STOCKTON LLP
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
igoldrich@kilpatricktownsend.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KALI KANONGATAA,<br><br>Plaintiff,<br><br>v.<br><br>COX MEDIA GROUP, LLC, COX RADIO, INC. and COX COMMUNICATIONS, INC.,<br><br>Defendants. | Case No. 2:17-CV-00031-JFB-AKT |

**DEFENDANTS' JOINT ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Cox Media Group, LLC, Cox Radio, Inc., and Cox Communications, Inc. (collectively referred to as "Defendants"), by and through their undersigned counsel, hereby state the following for their Joint Answer and Affirmative Defenses to the Complaint filed by Plaintiff Kali Kanongataa ("Plaintiff"). Defendants respond to the paragraphs of the Complaint in numbered paragraphs that correspond to the numbering system adopted in Plaintiff's Complaint. Defendants deny each allegation in the Complaint unless expressly admitted.

**NATURE OF THE ACTION**

1.  Defendants admit that Plaintiff, in the Complaint, asserts a claim of copyright infringement under Section 501 of the Copyright Act and seeks monetary relief under the

Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*, but Defendants deny such alleged infringement and deny that Plaintiff is entitled to such relief. Defendants lack knowledge or information sufficient to form a belief about Plaintiff's claimed ownership of copyright and thus deny such allegations. Defendants deny the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.	Defendants admit that Plaintiff's Complaint alleges that its claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* and admit that this Court has subject matter jurisdiction to hear such claim.

3.	Defendants deny the allegations in Paragraph 3 of the Complaint.

4.	Defendants deny the allegations in Paragraph 4 of the Complaint.

## PARTIES

1.	Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1[1] and thus deny such allegations.

2.	Defendants admit that Cox Media Group, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware with a subsidiary with a place of business at 555 Sunrise Highway, Babylon, New York 11704 and that Cox Radio, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with a place of business at 555 Sunrise Highway, Babylon, New York 11704. Defendants admit that Cox Media Group, LLC, including through its subsidiaries, owns and operates websites available at the following domains: www.journal-news.com, www.hot105fm.com, www.b985.com, www.thenew93q.com, www.wgauradio.com, www.daytondailynews.com, www.krmg.com,

---

[1] Defendants note that the numbering of the paragraphs in the Complaint restarts at "1" after the first paragraph 4. To avoid confusion, Defendants have numbered the paragraphs in the Joint Answer in the same manner.

www.springfieldnewssun.com, www.mymagic949.com, www.wsbradio.com, www.wokv.com, www.1037chuckfm.com, www.Y100fm.com, www.houstonseagle.com, www.countrylegends971.com, www.myhot995.com, www.k923orlando.com, www.97xonline.com, www.wbli.com, www.wduv.com, www.easy1065.com, www.kiss104fm.com, www.kissrocks.com,www.magic1021.com, www.wbab.com, www.magic1053.com, www.hits973.com, www.kono1011.com, www.gocarolinas.com, www.kkyx.com, www.yourgeorgiacountry.com, www.969theeagle.com, www.wedr.com, www.1037chuckfm.com, www.1033theeagle.com, www.icflorida.com, www.X1071atlanta.com, www.wape.com, www.X1029.com, www.accessatlanta.com, www.dayton.com, www.myajc.com, www.ajc.com, www.news965.com, www.mystatesman.com, www.austin360.com, www.mydaytondailynews.com, http://www.kiro7.com, www.PalmBeachPost.com, and www.wsoctv.com (collectively, the "Websites"). Defendants deny the remaining allegations in Paragraph 2.

3.   Defendants admit that Cox Communications, Inc. is a corporation duly organized and existing under the laws of the State of Delaware and that Cox Communications, Inc. owns and operates the website available at the domain www.cox.com and the webpages available at the subdomain www.myconnection.cox.com (together, the "Cox Communications Website"). Defendants deny the remaining allegations in Paragraph 3.

## STATEMENT OF FACTS

4.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and thus deny such allegations.

5.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and thus deny such allegations.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and thus deny such allegations.

7. Defendants admit that articles entitled *Man livestreams son's birth, says it was an accident* ran on the websites available at the URLs listed after Paragraph 7.  Defendants deny that all of the URLs listed after Paragraph 7 are included in the definition of "Websites" in the Complaint.  Defendants admit that Cox Media Group, LLC or Cox Radio, Inc., including through their subsidiaries, own and operate the websites at the URLs listed after Paragraph 7.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and thus deny such allegations.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and thus deny such allegations.

12. Defendants admit the allegations in Paragraph 12.

## FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST COX MEDIA, COX RADIO AND COX COMMUNICATIONS INC.)
(17 U.S.C. §§ 106, 501)

13. Defendants repeat and incorporate by reference their responses to Paragraphs numbered 1-4 and 1-12 above.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

## PRAYER FOR RELIEF

No response is required with regard to Plaintiff's Prayer for Relief. To the extent any such response may be required, Defendants repeat and incorporate by reference their responses to Paragraphs 1-4 and 1-20 above and state that Plaintiff is not entitled to any of the relief sought in the Complaint for each of the reasons set forth in Defendants' Joint Answer and Affirmative Defenses and for additional reasons that will be established during the course of this proceeding.

## DEFENDANTS' AFFIRMATIVE DEFENSES

In further answer to the Complaint, and by way of affirmative defenses, Defendants state that they will rely upon the following defenses if applicable and if supported by the facts. Defendants do not admit that they bear the burden of proof for any of these defenses.

A. The Complaint and each cause of action alleged therein fail to state a claim upon which relief may be granted.

B. The Court lacks personal jurisdiction over some or all of the Defendants.

C. Defendants' use of and activities are protected under the First Amendment of the United States Constitution.

D. Defendants' actions constitute fair use under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

E. Plaintiff's claims are barred by the safe harbor provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

F. Plaintiff's claims are barred by the doctrine of acquiescence.

G. Plaintiff's claims are barred by the doctrine of equitable estoppel.

H.  Plaintiff's claims are barred by the doctrine of waiver.

Defendants respectfully reserve the right to amend their Joint Answer and Affirmative Defenses to add additional or other defenses or to delete or withdraw defenses, or to add counterclaims as may become necessary after a reasonable opportunity for appropriate discovery.

**WHEREFORE**, Defendants request the following relief:

**(a)**  That Plaintiff be denied all relief sought in the Complaint;

**(b)**  That the claims asserted in the Complaint be dismissed with prejudice;

**(c)**  That Defendants be awarded their attorneys' fees and costs pursuant to, *inter alia*, 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d); and

**(d)**  Any such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 8, 2017

**KILPATRICK TOWNSEND & STOCKTON LLP**

*/s/Ian M. Goldrich*
Ian M. Goldrich
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
igoldrich@kilpatricktownsend.com

*Attorneys for Defendants*